**FILED**

SEP 2 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY BROWNLEE, ) | **05C 5469** |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN W DARRAH |
| ) | |
| ERNEST BROWN, ) | **MAGISTRATE JUDGE LEVIN** |
| Defendant. ) | |

## COMPLAINT

The plaintiff COREY BROWNLEE (hereinafter referred to as "BROWLNEE") and for his complaint against the defendant ERNEST BROWN (hereinafter referred to as "BROWN") states:

### COUNT I - Violation of 42 U.S.C. §1983

1. This action is brought for damages sustained by BROWLEE by reason of BROWN's violation of his civil rights under 42 U.S.C. §1983, as amended by the Civil Rights Act of 1991.

2. BROWNLEE is a citizen of the United States and is a resident of the Northern District of Illinois.

3. BROWN is now, and at all times relevant hereto, was duly appointed, employed and acting as a police office for the City of Chicago (Star #353), County of Cook, a municipal corporation and a governmental

subdivision of the State of Illinois. At all times relevant hereto, BROWN was a commander for the third district in the City of Chicago and was a resident of the City of Chicago and County of Cook.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 1331.

5. Venue is appropriate in this court pursuant to 28 U.S.C. §1391b since BROWN resides in this judicial district and a substantial part of the events giving rise to BROWNLEE's claim occurred in this district.

6. Each and all acts of BROWN alleged herein were done by BROWN not as an individual, but under the color and pretense of the statutes ordinances, regulations, customs and usages of the State of Illinois, the City of Chicago and the County of Cook and under the authority of his office as a police officer for said city and county.

7. On June 3, 2005, BROWNLEE exited a Chicago Transit Authority bus at 63rd and Indiana in the City of Chicago since he was going back to his home at 6000 S. Indiana.

8. After exiting the bus, BROWNLEE proceeded to walk north to the building at 6000 S. Indiana.

2

9. As he was walking toward to the apartment building at 6000 S. Indiana, BROWN pulled up in an unmarked police car at 60th and Indiana and proceeded to exit that vehicle.

10. BROWNLEE walked passed BROWN and did not say anything to him.

11. Nevertheless, BROWN began swearing at BROWNLEE and told him to leave the area.

12. BROWNLEE did not respond to BROWN and, instead, proceeded to walk into the apartment building at 6000 South Indiana.

13. BROWNLEE entered the building and walked into the elevator to take him to the fourth floor.

14. Without any warrant or probable cause therefore, BROWN proceeded into the building, stopped the elevator door from closing and physically pulled BROWNLEE out of the elevator.

15. BROWNLEE asked BROWN what he was doing.

16. BROWN told BROWNLEE to "shut the fuck up" and proceeded to jostle BROWNLEE and would not let him go.

17. A security guard from the building then came to the scene and held BROWNLEE's arms behind his back.

18. BROWN then took a walkie talkie and with force and arms and without probable cause and any provocation by BROWNLEE began hitting BROWNLEE in the forehead.

19. As a direct and proximate result of the excessive force used by BROWN, BROWNLEE fell to the floor and further injured his forehead.

20. BROWNLEE was thereafter taken to St. Bernard Hospital to be treated for his injuries.

21. BROWNLEE was thereafter arrested and fingerprinted.

22. On July 7, 2005, BROWNLEE came before a criminal court judge who held there was no probable cause to arrest BROWNLEE and accordingly, the charges brought against him were dismissed.

23. By reason of the conduct of BROWN, including BROWNLEE's unlawful arrest, imprisonment and the injuries that he sustained by virtue of the excessive force used by BROWN, BROWNLEE was totally unable to attend to the duties of his profession as a service assistant for the Spirit of Chicago.

24. As a direct and proximate result of BROWN's wrongful conduct, BROWNLEE was seriously and permanently injured, suffered great pain and anguish and will so suffer in the future and he incurred expenses and will incur future expenses to be cured of his injuries and he

was delayed and hindered in his regular occupation and was, thus, impaired in his capacity to earn.

25. The conduct of BROWN deprived BROWNLEE of his rights, privileges and immunities secured to him by the Constitution of the United States, including the right of BROWNLEE to be secure in his person and effects against unreasonable searches and seizures under the Fourth and Fourteenth amendments of the Constitution of the United States.

26. The acts, conduct and behavior of BROWN was performed knowingly, intentionally and maliciously by reason of which BROWNLEE is entitled to damages under 42 U.S.C. § 1983.

WHEREFORE, the plaintiff COREY BROWNLEE requests that this Court enter judgment in his favor and against the defendant ERNEST BROWN as follows:

    a. awarding him compensatory damages in amount in excess of $75,000;

    b. awarding him punitive damages in an amount to be determined at trial;

    c. awarding him costs, including attorney's fees, incurred in connection with this action; and

    d. awarding him such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT II – BATTERY

1. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367.

2-18. BROWNLEE repeats, realleges and incorporates by reference paragraphs 1 to 17 of Count I as paragraphs 2 to 18 of Count II.

19. BROWN then took a walkie talkie and, with force and arms, hit BROWNLEE in the head on repeated occasions.

20. As a direct and proximate result of the battery committed by BROWN, BROWNLEE was seriously and permanently injured both internally and externally, suffered both pain and anguish and will so suffer in the future and he incurred expenses and will incur future expenses to be cured of his injuries and he was delayed and hindered in his regular occupation and was thus impaired in his capacity to earn.

WHEREFORE, the plaintiff COREY BROWNLEE requests that this Court enter judgment in his favor and against the defendant ERNEST BROWN as follows:

    a. awarding him compensatory damages in amount in excess of $75,000;

    b. awarding him punitive damages in an amount to be determined at trial; and

   c.    awarding him costs and such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY

## COUNT III – MALICIOUS PROSECUTION

1. This Court has supplementary jurisdiction over to this matter pursuant to this Court's supplemental jurisdiction to 28 U.S.C. §1367.

2-22. BROWNLEE repeats realleges and incorporates by reference paragraphs 1 to 21 of Count I as paragraph 2 to 22 of Count III.

23. On June 3, 2005, BROWN initiated criminal proceedings against BROWNLEE.

24. At the time that BROWN brought this charge, there was no basis to the charge since he had no probable cause that BROWNLEE had committed any offense whatsoever.

25. Rather, BROWN maliciously commenced this proceeding since BROWNLEE did not respond to him when he first arrived outside the building at 6000 South Indiana.

26. On July 7, 2005, the Circuit Court of Cook County dismissed the charges brought against BROWNLEE for lack of probable cause.

27. As a direct and proximate result of BROWN's criminal proceedings, BROWNLEE suffered special damages.

WHEREFORE, the plaintiff COREY BROWNLEE requests that this Court enter judgment in his favor and against the defendant ERNEST BROWN in the amount in excess of $75,000 in compensatory damages, awarding him punitive damages in an amount to be determined at trial and such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

Joel F. Handler #1115812
55 W. Wacker Drive
Suite 950
Chicago, IL 60601
(312) 621-0008

Attorney for Plaintiff,
COREY BROWNLEE